UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY WILSON, et al., | ) | CASE NO. 5:21-cv-1699 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| KINDER MORGAN UTOPIA LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of plaintiffs Rodney Wilson and Pamela Wilson (the "Wilsons" or "plaintiffs") to remand this matter to Tuscarawas County Court of Common Pleas. (Doc. No. 7.) Defendant Kinder Morgan Utopia LLC ("Kinder Morgan" or "defendant") has filed its brief in opposition (Doc. No. 9) and plaintiffs filed their reply (Doc. No. 10). For the reasons set forth herein, the motion is denied.

**I.      Background**

On July 29, 2021, the Wilsons filed a complaint in Tuscarawas County Court of Common Pleas against Kinder Morgan. (*See* Doc. No. 1-1, *Rodney Wilson, et al. v. Kinder Morgan Utopia, LLC* (Case No. 2021 CV 0505).) The lawsuit sought relief for defendant's alleged breach of a settlement agreement between these parties that had resulted from two earlier lawsuits filed by Kinder Morgan against the Wilsons relating to the former's efforts to obtain easements and secure

rights of way over the Wilsons' real property for purposes of an underground gas pipeline.[1] A copy of the Release and Settlement Agreement (the "Agreement"), along with two easements, is attached to the complaint. (*Id.* at 14–39.[2])

On August 31, 2021, Kinder Morgan removed the action to this Court on the basis of diversity jurisdiction. (Doc. No. 1, Notice of Removal ¶ 4.) Kinder Morgan alleged the Wilsons are both "located in Tuscarawas County, Ohio" and that Kinder Morgan is a limited liability company, "none of [whose members, submembers, or partners] are incorporated in Ohio nor have a principal place of business in Ohio." (*Id.* ¶ 5 (also listing all of the LLC's members and submembers).)

On September 24, 2021, the Wilsons filed the instant motion to remand, arguing both that the notice of removal is substantively and procedurally defective, and that, under the following provision of the Agreement between the parties, Kinder Morgan waived the right to remove this action:

> 9. This [Agreement] shall be construed and interpreted under Ohio law, and the Tuscarawas County Court of Common Pleas shall retain jurisdiction to enforce it if needed. **The parties hereby consent to the jurisdiction of and venue in such court for the resolution of any dispute arising out of this [Agreement], the incorporated documents, or any other matters between the Parties.** In the event any portion of this [Agreement] is stricken as invalid and/or unenforceable by a competent court of law, all remaining portions of the agreement shall remain in full force and effect as to all Parties.

(Doc. No. 7 at 4, quoting Doc. No. 1-1 at 16 (emphasis supplied in the motion).)

---

[1] *Kinder Morgan Cochin LLC v. Rodney Wilson, et al.*, Case No. 2015 CA 09-0537 (the "Survey Lawsuit"); *Kinder Morgan Utopia LLC v. Rodney Wilson, et al.*, Case No. 2016 CA 10-0729 (the "Taking Lawsuit"). (Doc. No. 1-1 ¶¶ 8, 14.)

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.

## II. Discussion

### A. Failure to Establish Diversity Jurisdiction

The Wilsons first argue that Kinder Morgan's removal petition is defective. They claim that Kinder Morgan failed to file its Corporate Disclosure Statement. But that failure has already been cured. (*See* Doc. No. 8.)

The Wilsons also argue that Kinder Morgan's negative pleading as to citizenship is insufficient to establish that neither Kinder Morgan nor any of its members and/or submembers are citizens of Ohio. (Doc. No. 7 at 6 (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (because "a limited liability company has the citizenship of each of its members[,] . . . when diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members . . . the federal court needs to know the citizenship of each 'sub-member' as well.")).)

In its opposition brief, Kinder Morgan itemizes its members and their submembers, satisfactorily indicating, as a bottom line, that Kinder Morgan is a citizen of Delaware and Texas. (Doc. No. 9 at 3.) Although it would have been preferable for that information to be in the notice of removal, the Court's typical practice when the pleading is unclear is to simply direct the removing party to file a supplement that will satisfy the Court as to its jurisdiction. Although the Court did not do that in this case, Kinder Morgan's opposition brief nonetheless satisfies the requirement and shows that the parties are diverse.

Alleged defectiveness of the notice of removal in this case is not a reason for remand.

3

### B. Waiver of Right to Remove

"The right of removal of a suit from state court to federal court is a statutory right." *Regis Assoc. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441). "If the requirements of the removal statute are met, the right to removal is absolute." *Id*. (citing *White v. Wellington*, 627 F.2d 582, 586 (2d Cir. 1980)). This right to removal can be waived, but "such waiver must be clear and unequivocal." *Id*. (citations omitted). "A [forum selection] clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008) (cited by *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 888 (6th Cir. 2009)).

The Wilsons argue that the forum selection clause in the Agreement, quoted above, is valid and enforceable and operates as a waiver of Kinder Morgan's right to remove. (Doc. No. 7 at 7–8 (citing *Regis*).) They assert that there need be no "magic words" to establish a waiver as "clear and unequivocal" (*see id*. at 8 (citing *LaSalle Grp., Inc. v. Tiger Masonry, Inc.*, No. 10-11328, 2010 WL 4167257, at *4 (E.D. Mich. Oct. 15, 2010))), but rather, "'[g]eneral principals [sic] of contract interpretation apply when determining whether a [forum selection] clause explicitly waives the right of removal.'" (*Id*. (quoting *Cadle Co.*, 307 F. App'x at 886).)

The Wilsons are ignoring cases in the Sixth Circuit which, although not requiring "magic words," do require waiver language to be explicit. If only looking at the cases cited above, including the *LaSalle* case cited by the Wilsons,³ the point is clearly made.

---

³ The Wilsons also urge this Court to follow *Power Mktg. Direct, Inc. v. Moy*, No. 2:08-cv-826, 2008 WL 4849289 (S.D. Ohio Nov. 6, 2008), where the court found a waiver of the right to remove because only one specific court was named in the forum selection clause. But, as pointed out in *Zehentbauer Fam. Land LP v. Chesapeake Exploration, LLC*, No. 4:15-cv-2449, 2016 WL 3903391, at *3 (N.D. Ohio Jul. 19, 2016), that decision "predates the mandatory, binding authority of *Cadle*." *See also Bidwell Fam. Corp. v. Shape Corp.*, No. 1:19-cv-201, 2019 WL 6695820, at *4 (S.D. Ohio Dec. 9, 2019) (citing *Zehentbauer* with approval).

The forum selection clause in *Regis* stated:

> The interpretation and application of this Agreement shall be governed by the law of the State of Michigan and the parties hereby submit to the jurisdiction of the Michigan Courts.

*Regis Assoc.*, 894 F.2d at 194. The Sixth Circuit reversed the district court's order of remand, "find[ing] nothing in the language [of the forum selection clause] that suggests any intent on the part of anyone to waive the right of removal from state to federal court." *Id*. at 195 (also noting that "it is the waiver of a statutory right that must be set forth, not the intent to rely on the statute[]").

The relevant clause rejected as a waiver by the court in *EBI-Detroit* provided:

> The Contractor [EBI] agrees to submit to the exclusive personal jurisdiction of, and not commence any action in other than, a competent State court in Michigan, regardless of residence or domicile, for any action or suit in law or equity arising out of or under the Contract Documents.

*EBI-Detroit, Inc.*, 279 F. App'x at 346. The Sixth Circuit found that this clause "is irrelevant because it says nothing about the defendants' right to remove." *Id*.

The forum selection clause in *Cadle* stated:

> All disputes as to any amounts charged or services rendered, or as to these Terms of Representation[,] shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court, depending on the amount in controversy, and shall be resolved pursuant to the laws of the State of Ohio.

*Cadle Co.*, 307 F. App'x at 885. The Sixth Circuit affirmed the district court's denial of a motion to remand, concluding that the clause "neither mentions removal nor sets forth an explicit waiver of that right by Reiner[,]" and was, therefore, not "a clear and unequivocal waiver of [the] right to remove[.]" *Id*. at 888.

Even *LaSalle* does not support the Wilsons' argument. There, the forum selection clause stated:

5

> In the event that a dispute between the Subcontractor and Contractor is to be resolved by litigation in court, depending upon the jurisdictional amount, the dispute may only be commenced and maintained in the Circuit Court for the County of Wayne, State of Michigan, or in the District Court for the 35th District, State of Michigan.

*LaSalle Grp., Inc.*, 2010 WL 4167257, at *1. The district court held that this clause "constitute[d] a 'clear and unequivocal' waiver of the right to removal[]" because of the word "only"—it states that "any litigation must begin, continue, and end in [the specified] courts and only those courts[.]" *Id*. at *4; *see also id*., at *3 (noting that "the Sixth Circuit has established a higher threshold for finding waiver of the right of removal than have other circuits[]").[4] *LaSalle* was not appealed.

Finally, this Court finds compelling a recent case from the Southern District of Ohio arising from a dispute over drilling rights under oil and gas leases. Plaintiffs filed suit in Belmont County, Ohio Court of Common Pleas. One of the defendants removed the case to federal court, with the consent of all the other defendants. Plaintiffs sought remand on the strength of a forum selection clause that provided:

> This Lease shall be governed in accordance with the laws of the State of Ohio. Any actions or proceedings arising in connection with this Lease or performance thereunder shall be ascertained and determined by the Ohio state court in the county where the Lease is recorded.

*TERA II, LLC v. Rice Drilling D, LLC*, No. 2:19-cv-2221, 2019 WL 3889623, at *1 (S.D. Ohio Aug. 16, 2019), report and recommendation adopted by 2019 WL 4871432 (S.D. Ohio Oct. 3, 2019). Plaintiffs claimed defendants waived their right to remove, arguing that to find otherwise would render this language superfluous. A magistrate judge found otherwise and recommended that the motion to remand be denied. Upon review, the district court agreed, concluding:

---

[4] Another district court in this circuit refused to consider *LaSalle*, "not[ing] its disagreement with that outlier case's nod to, but ultimate mockery of, the higher court decisions in *Cadle* and *EBI-Detroit*." *Laurel Grocery Co., LLC v. Freshway, Inc.*, No. 6:18-cv-243, 2019 WL 109349, at *2 n.5 (E.D. Ky. Jan. 4, 2019).

> [T]here is a difference between filing a case in federal court in the first instance and removing a case to federal court, which is why Plaintiffs' reliance on *W.G. Tomko, Inc. v. Franklin County Board of Commissioners*, No. 2:13-cv-55, 2014 WL 347037 (S.D. Ohio Jan. 30, 2014), is misplaced. . . . Accordingly, while the forum selection clauses at issue may bar the parties from filing suit in federal court in the first instance (which is why they are not superfluous), they do not bar the removal of Plaintiffs' lawsuit.

2019 WL 4871432, at *2.[5]

As in all of these cases where remand was sought but denied, the relevant forum selection clause in this case is not a "clear and unequivocal" waiver of defendant's statutory right to remove.

### III. Conclusion

For the reasons set forth herein, plaintiffs' motion to remand (Doc. No. 7) is denied.

**IT IS SO ORDERED**.

Dated: March 7, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[5] In *W.G. Tomko, Inc.*, the court determined that dismissal was required because a valid forum selection clause in the construction contract between the parties stated that any action could only be brought in Franklin County Court of Common Pleas. There was no question of remand, as plaintiffs had filed suit directly in federal court.